UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| JUVENTINO MARTIN-VARGAS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | Case No. 15-cv-4633 |
| v. | ) | |
| | ) | Judge John W. Darrah |
| PENNY PRITZKER, U.S. Secretary of Commerce, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

On May 27, 2015, Plaintiff filed a Complaint, alleging various claims related to a hostile work environment and retaliation pursuant to Title VII of the Civil Rights Act of 1964. Defendant filed a Motion to Dismiss [26] Counts I, II, and VI pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief can be granted. For the reasons discussed below, Defendant's Motion to Dismiss [11] is granted.

## BACKGROUND

Plaintiff is Mexican-American and a Special Agent with the United States Department of Commerce (the "USDOC"). (Compl. ¶ 15). Plaintiff works in the Office of Export Enforcement (the "OEE"). (*Id.*) Penny Pritzker is the Secretary of the United States Department of Commerce. (*Id.* ¶ 4.) Plaintiff was assigned as the OEE's representative with the Federal Bureau of Investigation's Chicago Proliferation Task Force, starting in January 2012. (*Id.* ¶ 16.) David R. Nardella was Plaintiff's direct supervisor from July 18, 2010, to January 14, 2013. (*Id.* ¶ 18.) Ronald B. Orzel was Plaintiff's second line supervisor from July 2010 to January 14, 2013. (*Id.* ¶ 19.) Edward Holland was Plaintiff's direct supervisor from January 14, 2013 to July 2014. (*Id.* ¶ 20.)

On June 21, 2010, Plaintiff initiated contact with the USDOC Equal Employment Opportunity Office to file a complaint, alleging he was subject to disparate treatment and harassment due to his national origin. (*Id.* ¶ 31.) On December 1, 2011, the USDOC and Plaintiff reached a settlement agreement. (*Id.*)

On December 13, 2010, while Plaintiff was on leave, Orzel sent out a memorandum, stating that any personal signage in a common area, defined to include all spaces outside an individual office and any space in an office that faced the common areas, would be removed. (*Id.* ¶ 182.) Plaintiff kept a piece of art made by his daughter next to his office door; and when he returned from leave, the art was on his desk. (*Id.* ¶¶ 181, 182.) In September 2011, Plaintiff observed that other agents had personal belongings outside of their offices. (*Id.* ¶ 182a.) Plaintiff e-mailed Nardella with a request to return his daughter's art to the wall. (*Id.*) Plaintiff's request to display his daughter's art was denied on October 19, 2011. (*Id.* ¶ 182c.) As of July 15, 2013, other agents have been allowed to place personal items in the common area. (*Id.*) Plaintiff alleges that the personal items policy was directed towards Plaintiff in retaliation for his Equal Employment Opportunity Commission ("EEOC") complaint and to harass Plaintiff. (*Id.* ¶ 182d.)

Prior to Plaintiff's reassignment as the OEE representative with the FBI in January 2012, Nardella reassigned all of his investigations to other agents. (*Id.* ¶ 79.) Nardella informed Plaintiff that this was due to Plaintiff's new position and at the request of the FBI. (*Id.*) Plaintiff alleges that this was in retaliation for his previous EEOC complaints. (*Id.* ¶ 81.) Plaintiff alleges that this is a policy that was affirmed by the Doug Hassebrock, the Director of OEE, in June 2013. (*Id.* ¶¶ 25, 87.)

On October 17, 2012, Nardella presented Plaintiff with his performance review for fiscal year 2012. (*Id.* ¶ 95.) In this review, Nardella provided false information that led to Plaintiff receiving a lower rating. (*Id.*) The rating provided by Nardella for Case/Data Management and Oral/Written Communications was three out of five. (*Id.* ¶ 96.) Plaintiff states that he should have received a four out of five rating. (*Id.* ¶ 95.) Plaintiff alleges that this was done in retaliation for Plaintiff's EEOC complaints against Nardella. (*Id.*)

Plaintiff sought Equal Employment Opportunity ("EEO") counseling on February 22, 2013, alleging that he had been discriminated against based on his race and that he was the subject of retaliation and harassment because of previous EEOC complaints. (*Id.* ¶ 6.) On June 21, 2013, Plaintiff filed a formal complaint, which was forwarded to the Office of Civil Rights. (*Id.* ¶ 8.) On February 20, 2015, Plaintiff received a notification of the Right to File a Civil Action from the United States EEOC. (*Id.* ¶ 14.)

## LEGAL STANDARD

Rule 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). However, plaintiffs are not required to "plead the elements of a cause of action along with facts supporting each element." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 517 (7th Cir. 2015). Rather, the complaint must provide a defendant "with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)

3

(quoting Fed. R. Civ. P. 8(a)(2) and *Twombly*, 550 U.S. at 555). When evaluating a Rule 12(b)(6) motion, the court accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Twombly*, 550 U.S. at 555-56.

Plaintiff is proceeding *pro se*. Documents filed *pro se* are liberally construed, and *pro se* complaints are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984).

## ANALYSIS

Defendant argues that Counts I, II, and VI are time barred because Plaintiff did not contact an EEO counselor within forty-five days of the discriminatory acts. An individual who believes they have an employment discrimination claim against a federal employer "must initiate contact with a[n Equal Employment Opportunity] Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1). In the Seventh Circuit, "[t]his deadline is construed as a statute of limitations and not as a jurisdictional prerequisite." *Johnson v. Runyon*, 47 F.3d 911, 917 (7th Cir. 1995) (citing *Rennie v. Garrett*, 896 F.2d 1057, 1062-63 (7th Cir. 1990)). As a statute of limitations, the forty-five day period is subject to the doctrines of waiver, estoppel, and equitable tolling. *See Ester v. Principi*, 250 F.3d 1068, 1071 (7th Cir. 2001).

### *Count I*

In Count I, Plaintiff alleges that his request to be the primary contact point between OEE and the Chicago FBI office was denied due to discrimination, harassment, and a hostile work

environment. Plaintiff's request to be the primary contact point was denied on July 25, 2012. (Compl., ¶82.) Plaintiff also alleges that this policy was "affirmed by Director HASSEBROCK [*sic*] in June 2013." (*Id.* ¶ 87.) In his response, Plaintiff argues that Director Hassebrock's affirmation of the denial is an act. But even construing the Complaint liberally, there is not enough information to determine whether that affirmation was an act, when it occurred, or how it equates to a discriminatory act for the purposes of the forty-five day limitation. Plaintiff also appears to argue that this policy was an adverse employment action but does not allege how this was a change in responsibility. Plaintiff did not seek EEO counseling until February 22, 2013, beyond the 45-day period. Plaintiff did not seek EEO counseling within forty-five days of the denial of his request to be the primary contact point with the FBI. (*Id.* ¶ 82.) Defendant's Motion to Dismiss Count I is granted without prejudice.

*Count II*

In Count II, Plaintiff alleges that Nardella made false statements on Plaintiff's fiscal year performance evaluation in October 2012. Specifically, Nardella gave a rating of three out of five in Case/Data Management and Oral/Written Communication. (Compl. ¶ 96.) This was allegedly due to Plaintiff's failure to enter certain information into the agency data base, which caused another OEE office to complain to Nardella. (*Id.*) Again, Plaintiff did not seek EEO counseling until February 22, 2013, beyond the 45-day period. In his response, Plaintiff refers to a warning by Dan Bailey, an Agency representative during Alternative Dispute Resolution. On September 6, 2012, Bailey told Plaintiff that "they let you win once, they are not going to let you win a second time." (*Id.* ¶¶ 28, 65.) Based on that warning, and fearing retaliation or dismissal, Plaintiff claims that he did not pursue this claim. However, "purported fear of employer retaliation is not a ground for equitable tolling." *Arizmendi v. Lawson*, 914 F. Supp. 1157, 1162

5

(E.D. Pa. 1996) (citing, *e.g.*, *Caldwell v. National Ass'n. of Home Builders*, 598 F.Supp. 371, 376 (N.D. Ind. 1984); *Platt v. Burroughs Corp.*, 424 F.Supp. 1329, 1333 (E.D. Pa. 1976)). Plaintiff did not seek EEO counseling within 45 days of the October 2012 review. Defendant's Motion to Dismiss Count II is granted without prejudice.

*Count VI*

In Count VI, Plaintiff claims that his request to post art outside his office door was wrongfully denied in October 2011. Plaintiff alleges that other employees were, and are, allowed to post personal signs outside their office space and that he is being denied this ability as retaliation for his EEOC complaints. Plaintiff did not seek EEO counseling about this issue until February 22, 2013, beyond the 45-day period. Plaintiff argues that the policy and practice is occurring today, but the alleged wrongful denial occurred in October 2011. The October 2011 denial "may constitute relevant background evidence," as the "current practice is at issue." *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 558 (1977). However, Plaintiff was aware that other agents were being allowed to put personal items in common areas when he made the request to do the same. "The continuing violation theory is inapplicable if [plantiff] knew or should have known with the exercise of reasonable diligence of the allegedly discriminatory actions." *Moore v. Henderson*, 174 F. Supp. 2d 767, 774 (N.D. Ill. 2001) (citing *Jones v. Merchants Nat'l Bank & Trust Co.*, 42 F.3d 1054, 1058 (7th Cir. 1994); and *Moskowitz v. Trustees of Purdue Univ.*, 5 F.3d 279, 281-82 (7th Cir. 1993)). As Plaintiff did not seek EEO counseling within 45 days of the denial, this claim is outside of the statute of limitations.

Defendant further argues that Count VI should be dismissed because the claim is covered under the December 2011 Settlement Agreement. The Settlement Agreement provided that Plaintiff would release the Agency from any and all claims he had relating to his employment

through December 1, 2011. Plaintiff again argues that the discriminatory misconduct took place in 2013 and so is not precluded by the December 2011 settlement. As discussed above, Plaintiff's request to post art outside his office door was denied in October 2011. Therefore, this claim was waived in the December 2011 Settlement Agreement. "When a Title VII plaintiff executes a general release in clear and unambiguous language in favor of a given party, the release serves as a bar to a subsequent Title VII claim brought in federal court against that party." *Sherman v. Standard Rate Data Serv., Inc.*, 709 F. Supp. 1433, 1438 (N.D. Ill. 1989). Plaintiff has not made any allegation that the release was not knowing and voluntary. *See id.* at 1439 (N.D. Ill. 1989) ("If the plaintiff fails to allege that the defendant misrepresented the terms of the release or that [plaintiff] was unaware of the terms of the same, then the Court must conclude that the plaintiff's assent to the release was voluntary and knowing.").

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss [11] is granted. Plaintiff may file, within thirty days of this Order, an amended complaint as to the allegations in Counts I, II, and VI, if he can do so in compliance with Rule 11.

Date:      December 3, 2015

JOHN W. DARRAH
United States District Court Judge